

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

NO. PD-0120-20

**THE STATE OF TEXAS**

**V.**

**CHARLES JOSEPH MERAS, Appellee**

**ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE TENTH COURT OF APPEALS
McLENNAN COUNTY**

*Per curiam.*

**O P I N I O N**

Appellee was charged with possession of a controlled substance. He filed a pre-trial

motion to suppress evidence arising from his detention and subsequent arrest, on the basis that

the officer lacked reasonable suspicion to detain him for a violation of section 545.060(a) of

the Transportation Code for failing to drive as nearly as practical entirely within a single lane.

See TEX. TRANSP. CODE § 545.060(a**)**. The trial court granted the motion.

The State appealed. The Court of Appeals held that it is an independent offense to fail to stay entirely within a marked lane of traffic when it is practical to do so, regardless of whether the deviation is safe under the circumstances. *Meras v. State*, 629 S.W.3d 284 (Tex. App. – Waco 2020, pet. filed). The court reversed the trial court's ruling and remanded the case to the trial court for further proceedings.

Appellee filed a petition for discretionary review arguing that the Court of Appeals erred in holding that Section 546.060(a) sets out two separate offenses. We recently decided that subsection (a) creates only one offense and that it is not a traffic violation to fail to maintain a single marked lane of traffic if such failure does not occur in an unsafe manner. *State v. Hardin*, No. PD-0799-19, 2022 WL 16635303 (Tex. Crim. App. Nov. 2, 2022).

The Court of Appeals in the instant case did not have the benefit of our decision in *State v. Hardin*. Accordingly, we grant Appellee's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for reconsideration in light of *State v. Hardin*, and to address any remaining issues necessary to the resolution of the appeal.

DELIVERED January 11, 2023

PUBLISH